IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**DAMEON J. FLOORE**

**Defendant.**                                        No. 09-30191-DRH

### ORDER

**HERNDON, Chief Judge**:

  Now before the Court is Defendant's motion to continue (Doc. 28). Defendant states that he needs additional time as his counsel just entered an appearance; that his counsel has not yet received discovery; and that counsel needs to review discovery. The Court being fully advised in the premises finds that Floore's needs additional time so that his counsel may receive and review discovery materials. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court also finds that to deny a continuance of the matter would result in a miscarriage of justice.

  Therefore, the Court **GRANTS** Defendant's motion to continue (Doc. 28). The Court **CONTINUES** the jury trial scheduled for April 12, 2010 to **Tuesday, June 1, 2010 at 9:00 a.m.** The time from the date the original motion was filed,

March 24, 2010, until the date to which the trial is rescheduled, June 1, 2010, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, **Bloate v. United States, No. 08-728, — S. Ct. —, 2010 WL 757660, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  **See Bloate, 2010 WL 757660, at *5**.  In light of the recent decision, the Court finds that the time granted to Defendant Floore for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued December 29, 2009, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 20), the Court notes that the time from the arraignment, December 29, 2009, until the date on which the twenty-one days expired, January 19, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at

the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**